Parker C. J.
The petitioner in this case, who claims under a judgment and levy, is in the same condition as a purchaser under Jonas Stiles would be; and the law seems to be very clear, that he could make no title by his deed which could stand against a conveyance from the executor.
Many possible difficulties were suggested by the counsel for the petitioner, as resulting from a determination in favor of the executor’s sale; such as a delay of the executor for a long time to sell, the want of power to compel him to sell, &c. All we can say in answer is, that if such evils happen, it is the fault of the law, and we cannot cure them.
The first question to be determined in this case is, what estate in the land which is devised in the will, passed by the operation thereof to Jonas Stiles, the execution debtor; if a fee simple or freehold indefeasible, then it has been lawfully taken from him by the levy of the execution, and this judgment creditor has acquired a title to all that he before had. The general words, “ all the remainder óf my estate not before disposed of I do give &c.,” without doubt are sufficient, in a will, to pass a fee simple, although there are no words of limitation; so that Jonas Stiles, by force oí these words, if not afterwards qualified and restrained, would have become devisee of the proportion given to him by the will. But these *494 words are to be compared with other words in the same instrument, and especially those which come afterwards, and the intent of the testator is to be gathered from the whole taken together. That the latter words may be inconsistent with the former, is no objection to giving them effect in a will, however it may be in a deed, for reasons which every lawyer is acquainted with.
The words alluded to are, “ Expressly providing and directing however, that whatever shall fall to the part or share of my son, Jonas Stiles, shall be deposited by my executor in the hands of my sons, Luther Stiles and Barney Stiles, and be retained by them, and dealt out to the said .Jonas for his comfort and advantage, according to their best judgment and discretion.”
Nothing can be more clear than that the testator, by these words, intended that his sons, Luther and Barney, should be the trustees of Jonas, as to every thing which was the subject matter of this provision ; and such intention was lawful, for he having the power of disposing of his property as he pleased,' had a right to prevent it from going to the creditors of his non, or from being wasted by the son himself, if, as was probable, he had become incapable of taking care óf proper ty. Creditors have no right to complain ; for unless such disposition can be made, without doubt testators, in like situations, would give their property to their other children.
But it is said that this provision relates to personal estate only, and that the words used by the testator are not sufficient to create a trust of real estate ; and they certainly are untechnical and inartificial for that purpose ; but with the usual indulgence applied to wills, which are most commonly unskilfully drawn, there is no difficulty in establishing the manifest intent of the testator. He evidently uneant to comprehend in this provision all that by the will he had given to Jonas. “ What ever shall fall to my son Jonas’s part or share,” cannot be limited to personal estate only, real estate being probably the principal subject of the will. And it is to be considered too, that the testator had in mind the expectation that all the real estate would, according to the power given to his executors, be converted into personal.
*495 Jonas therefore, by the will, became only cestui que trust of the portion of the estate devised to him, and the legal estate, subject to the power to sell, vested in his two brothers, Luther and Barney. Bush v. Allen, 5 Mod. 63 ; South v. Allen, ibid. 98, 102 ; S. C. 1 Salk. 228.
Whether this trust estate would be liable to the debts of Jonas, if it were subject to no other provision of the will, need not be determined,[1] because it is very clear, from al the authorities cited, that the power given to the executor to sell being executed by him, the estate of Jonas in the land, whether legal or equitable, is entirely divested, as is also that of the creditor holding under him. That a naked power to the executor to sell has this effect, appears very clearly from Powell on Dev. 292, 302, 310 ; Co. Lit. 113 a, note 146, 342 b, note 298 ; Bergen v. Bennet, 1 Caines’s Cas. in Err. 14. The doctrine laid down in all these authorities is, that where a power, not coupled with an interest, is given to the executor to sell, the fee may vest in the devisee or heir until the sale, but as soon as the power is executed, they, as well as all to whom they may have conveyed, are devested of the fee, which immediately vests in the purchaser under the power. It is said that this will be injurious to purchasers, but it cannot be so where due caution is used, for they may always inspect the will and ascertain whether any such power exists or not.

 In New York the interest in lands of a cestui que use may be sold on execution. Jackson v. Walker, 4 Wendell, 462. So ir New Hampshire Pritchard v. Brown 4 N. Hamp. R. 397.